Richard G. Grotch, Esq. – SBN 127713
**Jetstream Legal APC**
80 Cabrillo Highway North, Suite Q-325
Half Moon Bay, CA 94019
Tel. 415.961.1691
rgrotch@jetstreamlegal.com

Attorney for Defendant
Delta Air Lines, Inc.

**ROBINS CLOUD LLP**
Bill Robins III (SBN 296101)
Jake Cohen (SBN 298384)
808 Wilshire Blvd., Suite 450
Santa Monica, California 90401
Telephone (310) 929-4200
Facsimile (310) 566-5900
robins@robinscloud.com
jcohen@robinscloud.com

**THE MANN LAW FIRM**
Mohinder S. Mann (SBN 103165)
Gurinder S. Mann (SBN 240918)
1027 W. Taylor Street
San Jose, CA  95126
Telephone (408) 287-1600
Facsimile (408) 287-1639
mann@themannlawfirm.com
gmann@themannlawfirm.com

Attorneys for Plaintiff,
OPVINDER S. RAJPAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPVINDER S. RAJPAL, an individual,<br><br>         Plaintiff,<br>vs.<br><br>DELTA AIR LINES, INC, a corporation; and DOES 1-30, inclusive, | Case No.: 3:21-cv-05066-EMC |

1

| Defendants. | JOINT CASE MANAGEMENT STATEMENT |
|---|---|
| | Date: November 30, 2021<br>Time: 1:30 p.m.<br>Courtroom: 5 – 17th Floor (by Zoom)<br><br>Honorable Edward M. Chen<br>United States District Judge |

The parties to the above-entitled action, plaintiff Opvinder S. Rajpal ("Rajpal") and defendant Delta Air Lines, Inc. ("Delta") jointly submit this Joint Case Management Statement pursuant to the Court's order given on September 8, 2021 in advance of the Initial Case Management Conference set to take place on November 30, 2021.

### 1. Jurisdiction and Service

While Delta does not agree that Rajpal is entitled to damages in excess of $75,000, or in any amount, based upon the complaint he filed, it invoked the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). There are no known issues regarding personal jurisdiction or venue. All parties have been served.

### 2. Facts

On May 23, 2019, Rajpal boarded Delta Flight 1004 bound for San Francisco. While still on the ground in New York and seated in an aisle seat, two Delta crew members allegedly manipulated luggage within the overhead storage compartment located directly above his seat. Rajpal alleges they did so in a way that caused a metal bottle that he says was filled with liquid, to fall from the overhead compartment directly onto his head. The bottle belonged to another passenger. Delta believes the water bottle was empty. Plaintiff disembarked prior to takeoff and was transported by ambulance to a nearby hospital.

### 3. Legal Issues

The following legal issues, in this negligence action, may be controverted:

        a.      Whether any acts or omissions on the part of Delta fell below the applicable standard of care;

        b.      Whether Rajpal's claimed damages are reasonable in amount and necessarily incurred as a result of the accident; and

        c.      Whether Rajpal took reasonable steps to mitigate his damages.

**4.  Motions**

Delta filed a motion to dismiss Rajpal's second and third causes of action, for premises liability and common carrier liability. The motion was initially set to be heard on September 9, 2021, but later vacated by the Court with an indication that the Court would rule on the papers. Subsequently, the Court issued its order on September 13, 2021, granting in part and denying in part, Delta's motion.  Depending upon what is learned through discovery, Delta may move for summary judgment. At this time, such a motion is not contemplated.

**5.  Amendment of Pleadings**

The parties do not expect to file amended pleadings at this time, unless something is learned in discovery warranting said amendment.  Furthermore, the true names and capacities, whether individual, corporate, associate or otherwise, of the defendants DOES 1 through 30, inclusive, as alleged in Rajpal's Complaint, were unknown to Rajpal at the time his Complaint was filed, who therefore sued such defendants by such fictitious names, and Rajpal will amend his Complaint to show their true names and capacities when the same have been ascertained.

**6.  Evidence Preservation**

The parties have reviewed the Northern District's Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. It is not anticipated that this matter will involve significant issues relating to ESI.

///

**7.     Disclosures**

The parties agree to serve their initial disclosures by December 21, 2021.

**8.     Discovery**

While reserving their rights to apply to the Court for relief from these requirements, the parties agree the discovery limitations set forth in the Federal Rules of Civil Procedure are appropriate in this case. With respect to other matters within the scope of Rule 26(f)(3), the parties submit that:

(a)     there is no need for discovery to be conducted in phases;

(b)     discovery will be limited to subjects that are relevant to the claims and defenses of the parties or that are likely to lead to the discovery of admissible evidence;

(c)     they will produce hard copies of all electronically stored information in the absence of a prior arrangement for production in electronic format;

(d)     the ordinary rules regarding claims of privilege or protection as trial preparation materials shall apply;

(e)     the inadvertent production of privileged or work product protected information does not waive or destroy the privilege or protection and that the party in receipt of such information shall immediately return inadvertently produced materials to opposing counsel; and,

(f)     Delta may request a protective order to safeguard commercially valuable and confidential proprietary materials.

Counsel for the parties conducted a Rule 26(f) conference on August 19, 2021. As a result of that conference, and their familiarity with the facts as of this time, counsel identify the following matters as to which discovery may be needed: (a) the acts or omissions of Delta that may have caused or contributed to the cause of the accident and the claimed damages; (b) the acts or omissions of others that may have caused or contributed to the cause of the accident and the claimed damages; (c) the injuries sustained by Rajpal and caused by the accident; (d) the medical treatment necessarily

received to date, and reasonably certain to be received in the future, if any, as a result of the accident, including the reasonable cost of all treatment necessitated by the accident; (e) the bases for, and quantum, if any, of Rajpal's claims for any other special damages; (f) Rajpal's efforts, if any, to mitigate his damages following the accident.

### 9. Class Actions

Not applicable, this is not a class action.

### 10. Related Cases

Not applicable, there are no related cases.

### 11. Relief

In his Complaint, Rajpal prays for (a) general damages in a sum in excess of the minimum jurisdictional limits of the Court; (b) all medical and incidental expenses according to proof; (c) all prejudgment interest on general and special damages from the date of the accident of the present complaint; (d) all costs of suit incurred herein; and (e) such other and further relief as this Court may deem just and proper.

### 12. Settlement and ADR

There have been no settlement discussions to date. The parties agree to participate in private mediation and, given added complexities associated with the pandemic, the parties request 120-days to complete the ADR process rather than the default period of 90-days.

### 13. Consent to Magistrate Judge for all Purposes

All parties did not consent to a magistrate judge presiding over this case for all purposes.

### 14. Other References

No other references appear necessary or appropriate at this time.

### 15. Narrowing of issues

The parties cannot identify any such issues at this time.

///
///

**16.     Expedited Trial Procedure**

This is not a case suitable for resolution pursuant to the Northern District's Court's Expedited Trial Procedure.

**17.     Scheduling**

The parties propose the following trial and pre-trial schedule for this case:

    a.    Last day to amend the pleadings: February 15, 2022;

    b.    ADR completion deadline: March 17, 2022;

    c.    Non-expert discovery cut-off: June 29, 2022;

    d.    Simultaneous Expert Disclosures: June 29, 2022;

    e.    Simultaneous Rebuttal Expert Disclosures: July 20, 2022;

    f.    Expert Discovery Cutoff: August 10, 2022;

    g.    Dispositive Motion Hearing Deadline: Wednesday, August 31, 2022, at 1:30 p.m.

    h.    Pre-trial conference: Monday, November 7, 2022, at 2:30 p.m.

    i.    Trial: Monday, December 5, 2022, at 8:30 a.m.

**18.     Trial**

All parties have requested a trial by jury. The estimated length of trial is approximately four days.

**19.     Disclosure of Non-party Interested Entities or Persons**

Pursuant to Civil L.R. 3-15, Rajpal certified that for plaintiff there were no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities that may (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.  However, the true names and capacities, whether individual, corporate, associate or otherwise, of the defendants DOES 1 through 30, inclusive, as alleged in Rajpal's Complaint, were unknown to Rajpal at the time his Complaint was filed, who therefore sued such defendants by such fictitious names, and Rajpal will amend his

Complaint to show their true names and capacities when the same have been ascertained.

Delta certified that the following may have a financial or non-financial interest in the subject matter in controversy or in a party to the proceeding or that could be substantially affected by the outcome of this proceeding:

    a.    Delta Air Lines, Inc.;

    b.    The Vanguard Group (as beneficial owner of 10.2% of the voting shares of Delta Air Lines, Inc. as of April 15, 2021);

    c.    Allianz Global Corporate & Specialty, and the other co-insurers of the aviation liabilities of defendant Delta Air Lines, Inc., each of which is severally (and not jointly) liable for its proportionate share.

### 20. Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 21. Other

The parties are not presently aware of any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: November 23, 2021                                **ROBINS CLOUD LLP**

                                                           /s/ Jake Cohen

                                         By:_____
                                               Bill Robins III
                                               Jake Cohen

                                                 **THE MANN LAW FIRM**

                                                 Mohinder S. Mann
                                               Gurinder S. Mann

                                                 Attorneys for Plaintiff
                                                Opvinder S. Rajpal

Dated: November 23, 2021                               ***JETSTREAM LEGAL APC***

                                                                     /s/ Richard Grocth

                                                        By:_____
                                                             Richard G. Grotch (*)
                                                             Attorneys for Defendant
                                                             Delta Air Lines, Inc.

(*)   In accordance with Civ. L.R. 5-1(i)(3), the filer of this document attests that concurrence in its filing has been obtained from the other Signatory.