Richard G. Grotch, Esq. – SBN 127713
**Jetstream Legal APC**
80 Cabrillo Highway North, Suite Q-325
Half Moon Bay, CA 94019
Tel. 415.961.1691
rgrotch@jetstreamlegal.com

Attorney for Defendant
Delta Air Lines, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPVINDER S. RAJPAL, an individual,<br><br>    Plaintiff,<br>vs.<br><br>DELTA AIR LINES, INC, a corporation; and DOES 1-30, inclusive,<br><br>    Defendants. | Case No.: 3:21-cv-05066-EMC<br><br>**UNOPPOSED** MOTION FOR ADMINISTRATIVE RELIEF REQUESTING 60-DAY EXTENSION OF THE DEADLINE TO PARTICIPATE IN PRIVATE MEDIATION [CIV. L.R. 7-11]<br><br>Honorable Edward M. Chen<br>United States District Judge |

In accordance with Civil Local Rule 7-11, defendant Delta Air Lines, Inc. ("Delta") respectfully submits this ***unopposed*** motion for administrative relief: a 60-day extension of the April 29, 2022, deadline for the parties to participate in private mediation (to **June 28, 2022**). Delta also requests a related continuance of the May 24, 2022, further case management conference (to **July 19, 2022**).

**I.    INTRODUCTION**

This case arises out of injuries plaintiff claims he sustained when a water bottle fell from a bag as it was being moved on an airplane, by a flight attendant, prior to departure. Plaintiff alleges that the incident and his injuries, including an alleged traumatic brain injury, were caused by Delta's negligence.

**II.    PROCEDURAL POSTURE**

At the November 30, 2021, initial case management conference, the parties agreed to participate in private mediation and the Court set an April 29, 2022,

1

mediation deadline. ECF Doc. 35. The Court allowed the parties to conduct limited discovery prior to mediation. *Id.*

Since then, the parties have exchanged initial disclosures and Delta has propounded written discovery to plaintiff to which he has responded. Declaration of Richard G. Grotch in Support of Motion for Administrative Relief at ¶ 3. In late December 2021, Delta subpoenaed plaintiff's medical and employment records. *Id.* at ¶ 4.

Although the order for subpoenaed records placed with defense counsel's legal support vendor on or before December 27, 2021, many of the records have yet to be produced. *Id.* This is primarily because the majority of plaintiff's out-of-state health care providers – in New York and Indiana – have refused to comply with subpoenas and have insisted, instead, upon authorizations signed by the plaintiff. *Id.* Some of plaintiff's in-state health care providers have taken the same position. *Id.* at ¶ 5. Despite a January 24, 2022, production date, plaintiff's former employer has failed to produce records regarding his employment. *Id.* at ¶ 6.

On April 1, 2022, plaintiff provided signed authorizations for most of the health care providers who have demanded them. *Id.* at ¶ 7. The records will be requested, again, with the authorizations. *Id.* However, with so many of plaintiff's records yet to be produced by their custodians, and to avoid multiple sessions, Delta has postponed the April 5, 2022, deposition of the plaintiff. *Id.* at ¶ 8.

Plaintiff has also requested depositions of Delta personnel, including the flight attendant involved in the incident and a Delta corporate designee. *Id.* at ¶ 9. These witnesses are in Atlanta. *Id.* Scheduling and taking these depositions have been complicated by, among other things, the inability to take plaintiff's deposition, recent personnel changes at Delta, and plaintiff's counsel's engagement in trial in Department Dept. 29 of Clark County Nevada, 8th District Court, in the matter of *Maninder Singh, et al. v. Nissan Motor Company LTD., et al.*, Case No.: A-17-751024-C. The trial in that case is not expected to conclude before May 23, 2022. *Id.*

///

///

**III.    REQUEST FOR EXTENSION OF TIME TO COMPLETE MEDIATION**

To facilitate a meaningful mediation, the parties need additional time to conduct discovery. To that end, Delta respectfully requests an additional 60-days to participate in mediation. Delta therefore requests an extension of the mediation deadline from April 29, 2022, to **June 28, 2022**.

Consistent with this, Delta requests that the further case management conference scheduled for May 24, 2022, at 2:30 p.m., also be continued to **Tuesday, July 19, 2022, at 2:30 p.m.** (56-days), or another date determined by the Court.

Delta represents that the requested extension would not affect any other deadlines established by the Court.

**III.    CONCLUSION**

Accordingly, and to facilitate constructive (and hopefully successful) settlement negotiations, Delta respectfully requests, with plaintiff's agreement, that the deadline for the parties to participate in private mediation be extended from April 29, 2022, to **June 28, 2022**. Because the intent was that the further case management conference would be conducted after the mediation, Delta also requests that the May 24, 2022, further case management conference also be continued to **Tuesday, July 19, 2022, at 2:30 p.m.**, or another date determined by the Court.

Dated:  April 5, 2022                                           **JETSTREAM LEGAL APC**

_____
Richard G. Grotch
Attorneys for Defendant
Delta Air Lines, Inc.